IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET R. ZANETICH, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | No. 06-0221 |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                              December   27, 2006

This action was brought pursuant to 42 U.S.C. § 4025(g) to review the final decision of the Commissioner of Social Security ("Commissioner") denying the application of Margaret R. Zanetich ("Plaintiff") for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383.  The parties have filed cross-motions for summary judgement.  For the reasons set forth below, I recommend that Plaintiff's motion for summary judgment be granted; Defendant's motion for summary judgment be denied; and the case be remanded for further proceedings consistent herewith.

**I.     PROCEDURAL HISTORY**

Plaintiff applied for benefits on March 24, 2003, alleging disability since March 19, 2003, due to stomach problems, hepatitis, back pain, anxiety and alcoholism.  (Tr. 14).  Her application was denied initially on August 7, 2003.  (Tr. 39-43).  Plaintiff requested a hearing before an administrative law judge ("A.L.J."), which was held on April 28, 2004.  (Tr. 43-53).  Plaintiff appeared and testified pro se.  On May 24, 2004,

the A.L.J. issued a decision denying Plaintiff's application. (Tr. 10-20). Plaintiff requested review by the Appeals Council, which found no basis for changing the A.L.J.'s decision. (Tr. 3-9). Thereafter, Plaintiff retained counsel and properly commenced this action seeking judicial review of the Commissioner's decision.

## II.    STANDARD OF REVIEW

Under the Social Security Act, a claimant is disabled if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §416.905(a). Under the medical-vocational regulations, as promulgated by the Commissioner, a five- (5-) step sequential evaluation is to be utilized to evaluate disability claims.[1] In pressing his or her claim, the burden is solely upon the claimant to prove the existence of a disability. 42 U.S.C. § 423(d)(5). A claimant satisfies this

---

[1]These steps are as follows:
> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of the impairment listed in the "listing of impairments," . . . which result in a presumption of disability, or whether the claimant retains the capacity for work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.

Sykes v. Apfel, 228 F.3d 259, 262-263 (3d Cir. 2000); see also 20 C.F.R. § 416.920.

burden by showing an inability to return to former work.  Once a showing is made, the burden of proof shifts to the Commissioner to show that the claimant, given his or her age, education, and work experience, has the ability to perform specific jobs that exist in the economy.  Rossi v. Califano, 602 F.2d 55, 57 (3d. Cir. 1979).

The Commissioner has supplemented this sequential process for evaluating a claimant's eligibility for benefits with additional regulations dealing specifically with mental impairments.  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999); see also 20 C.F.R. § 416.920a.  These procedures require the A.L.J. to record the pertinent signs, symptoms, findings, functional limitations and effects of treatment contained in the case record, in order to determine if a mental impairment exists.  20 C.F.R. § 416.920a(b)(1).  If an impairment is found, the A.L.J. must analyze whether certain medical findings relevant to a claimant's ability to work are present or absent.  20 C.F.R. § 416.920a(b)(2).  The A.L.J. must then rate the degree of functional loss resulting from the impairment in certain areas deemed essential for work.  Id.  If the mental impairment is considered "severe," the A.L.J. must then determine if it meets a listed mental disorder.  20 C.F.R. § 416.920a(c)(2).  If the impairment is severe, but does not reach the level of a listed disorder, then the A.L.J. must conduct a residual functional capacity assessment.  20 C.F.R. § 416.920a(c)(3).

Judicial review of a final decision of the Commissioner is limited.  The District Court is bound by the findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards.  Allen v. Bowen, 881 F.2d 37,

39 (3d. Cir. 1989); Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Apfel, 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer, 186 F.3d at 427). Even if the record could support a contrary conclusion, the decision of the A.L.J. will not be overruled as long as there is substantial evidence to support it. Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986).

### III.   FACTUAL BACKGROUND

Plaintiff was forty-six (46) years of age at the time of her alleged disability onset date, and forty-seven (47) years of age at the time of the A.L.J.'s decision. (Tr. 14). Plaintiff has a twelfth (12) grade education. (Tr. 14, 25). She has no past relevant work experience; she last worked approximately eight (8) years ago at a clothing store for one (1) or two (2) months during the holiday season. (Tr. 14, 26). Plaintiff is divorced and lives with her daughter. (Tr. 25).

Plaintiff contends that she cannot work based upon low back pain, abdominal pain, gastroesophagael reflux disease (GERD), cirrhosis of the liver, hepatitis C, anxiety and depression. (Tr. 79). Plaintiff testified that she experiences stomach problems and leg pain, has tested positive for cirrhosis, and receives treatment for depression. (Tr. 26-28). She has difficulty lifting such objects as a laundry basket and she can only walk two (2) blocks in the summer. (Tr. 30). Both Plaintiff and her daughter testified as to Plaintiff's memory problems. (Tr. 27, 31-35). Plaintiff has a history of alcohol abuse, but apparently stopped consuming alcohol in February 2004. (Tr. 27, 209-212).

## IV. DISCUSSION

By decision dated May 24, 2004, the A.L.J. found in relevant part:

* * * *

2. [Plaintiff's] abdominal pain and GERD are considered "severe" based on the requirements in the Regulations (20 C.F.R. § 416.920(b)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

4. The undersigned finds [Plaintiff's] allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5. [Plaintiff] retains the ability to perform a range of work within the light residual functional capacity. She can lift and carry up to 20 (twenty) pounds occasionally and 10 (ten) pounds frequently. She is able to occasionally perform postural activities such as climbing, balancing, stooping, kneeling, crouching and crawling. She must avoid hot and humid work conditions. Furthermore, she requires work that is simple, routine, repetitive and involving 1- (one-) 2 (two) step instructions, given her difficulties with her memory.

* * * *

8. [Plaintiff] has residual functional capacity to perform a significant range of light work. (20 C.F.R. § 416.967).

9. Although [Plaintiff's] exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.17 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform . . .

* * * *

(Tr. 19-20). As a result, the A.L.J. reached step five (5) of the five- (5-) step sequential evaluation and found that Plaintiff was not disabled. (Tr. 19).

5

Plaintiff contends that the record is incomplete and the A.L.J.'s decision at step five (5) is not supported by substantial evidence. Specifically, Plaintiff argues that the A.L.J. (1) erroneously failed to find Plaintiff's hepatitis C, depression and anxiety to be severe conditions; and (2) improperly failed to develop a full and fair record. Plaintiff also argues that there is new and material evidence that must be considered by the A.L.J.

### A.     Severity Determination at Step Two (2)

Plaintiff argues that the A.L.J.'s decision is not supported by substantial evidence because the A.L.J. erroneously failed to find Plaintiff's hepatitis C, depression and anxiety to be severe conditions. Step Two (2) is known as the "severity regulation" because it focuses on whether the claimant is suffering from a severe impairment. 20 C.F.R. § 416.920(c). "The Step Two (2) inquiry is a de minimis screening device to dispose of groundless claims." Newell v. Commissioner of Social Security, 347 F.3d 541, 546-547 (3d Cir. 2004). An impairment is severe if it is "of magnitude sufficient to limit significantly the individual's ability to do basic work activities." Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982); see also 20 C.F.R. § 419.920(a); S.S.R. 96-3p, "Considering Allegations of Pain and Other Symptoms in Determining Whether a Medically Determinable Impairment is Severe." Basic work activities are defined in the regulations as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). A non-severe impairment is a "slight abnormality" which had a minimal effect on the individual such that it would not be expected to interfere with the

individual's ability to work, irrespective of age, education or work experience.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 149-151 (1987).

     Here, the A.L.J. found Plaintiff's abdominal pain and GERD to be severe conditions, but did not find Plaintiff's alleged hepatitis C, cirrhosis of the liver, or depression and anxiety, to be severe conditions.  (Tr. 15, 19).  I am troubled by this aspect of the A.L.J.'s decision because the A.L.J. failed to obtain all of the relevant treatment records discussed at Platintiff's administrative hearing, and because the A.L.J. found Plaintiff's "abdominal pain" to be severe, but failed to recognize that the pain could be the result of hepatitis C and/or cirrhosis of the liver.  As for Plaintiff's mental condition, the A.L.J.'s decision is inconsistent with his own summary of the available medical evidence of record, and his own finding regarding Plaintiff's residual functional capacity ("R.F.C.").  For example, the A.L.J. noted that Plaintiff had been diagnosed with a mood disorder and polysubstance dependence on February 16, 2004, and that Plaintiff's treating physicians diagnosed "anxiety," for which they prescribed Xanax.  (Tr. 15).  In addition, the A.L.J. credited Plaintiff's testimony that her "memory is shot," and therefore limited Plaintiff to a range of light work involving simple, one- (1-) or two- (2-) step instructions "given her difficulties with concentration."  (Tr. 15, 19).  Although the A.L.J. apparently believed that the ultimate cause of Plaintiff's memory problem was not important – "Regardless of the cause of this problem, [Plaintiff] would have moderate problems with memory and concentration" – such problems certainly point to diminished mental capacity.  (Tr. 15).

For all of the aforementioned reasons, I recommend remand of this matter for proper consideration of Plaintiff's physical and mental conditions at Step Two (2) of the five- (5-) step sequential evaluation.  To that end, as more fully discussed in Part B, infra, the A.L.J. should obtain all relevant medical records, including mental health records that were the subject of Plaintiff's testimony during her administrative hearing.

### B. Duty to Develop the Record

Plaintiff argues that her lack of legal counsel at the administrative hearing stage prejudiced her insofar as the A.L.J. violated his duty to develop the record.  I agree. Even where a claimant has knowingly waived the right to representation, the lack of counsel is sufficient to justify a remand where it results in prejudice or unfairness to the claimant.  Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980).  In Social Security disability claims, once the claimant has provided medical evidence showing the presence of an impairment and its severity during the relevant time period, the A.L.J. then has a duty to develop a full and fair record in Social Security cases and must secure relevant information regarding a claimant's entitlement benefits.  20 C.F.R. § 416.912(c)-(d); Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995) ("[although] the burden is upon claimant to prove his disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails").  In cases where the claimant is unrepresented, the A.L.J. has a heightened duty to assist the claimant to develop the administrative record.  Reefer v. Barnhart, 326 F.3d. 376, 380

(3d. Cir. 2003). "When a claimant appears at a hearing without counsel, the ALJ must 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Id. (citations omitted).

Here, pro se Plaintiff attempted to testify at her administrative hearing regarding a biopsy, hepatitis C, prior alcohol consumption, and mental health treatment. During this testimony, the following exchange occurred between the A.L.J., Plaintiff and Plaintiff's daughter:

> A.L.J. :      Do you remember [how long it's been since you've had any alcohol]?
>
> [Plaintiff]:   No. I remember some things and some things I don't.
>
> [Daughter]:  I'm not sure if the papers of her liver biopsy and all, her medical records are there for that in the file, I don't, I couldn't read, understand what they were writing.
>
> A.L.J.:       Some of it is there.
>
> [Daughter]:  Okay.
>
> A.L.J.:       It may not be complete.
>
> [Daughter]:  Okay. I know I took her for a stomach biopsy this winter and a liver biopsy. And it's been since the liver biopsy since she's had a drink.

(Tr. 27-28). Despite acknowledging that the record may not be complete in this regard, the A.L.J. made no attempt to retrieve Plaintiff's liver biopsy records. Instead, the A.L.J. merely stated in his opinion that "the objective medical record only shows a single diagnosis of acute alcoholic hepatitis in December 2002. This condition is not mentioned

again within the record." (Tr. 15). The A.L.J.'s failure to develop the record is made more egregious by the clear fact that neither pro se Plaintiff nor her daughter were remotely familiar with the medical records.

Similarly, I find that the A.L.J. did not assist the Plaintiff in fully and fairly developing the record of her mental impairments. As previously noted, the A.L.J. acknowledged that Plaintiff had been diagnosed with a mood disorder and polysubstance dependence in a discharge care plan dated February 16, 2004, and that Plaintiff's treating physicians diagnosed "anxiety," for which they prescribed Xanax. (Tr. 15). However, when discussing Plaintiff's mental condition, the A.L.J. relied exclusively on the opinions of John Hower, Ph.D., a state psychologist who examined Plaintiff on July 14, 2003, and who opined that Plaintiff's anxiety disorder and polysubstance abuse resulted in no more than mild functional limitations. (Tr. 15). Importantly, the A.L.J. did not obtain records of Plaintiff's mental health treatment, even though it had been directed by the discharge care plan dated February 16, 2004, and even though such treatment was discussed at the administrative hearing; nor did the A.L.J. order a consultative psychological exam that would have taken into account Plaintiff's ongoing treatment.

For all of the aforementioned reasons, I further recommend that this matter be remanded for a supplemental administrative hearing, and that all necessary records be obtained and considered in order to make a full and fair determination regarding Plaintiff's application for benefits.

### C.     Consideration of New Evidence

Alternatively, Plaintiff argues that this matter should be remanded to the A.L.J. pursuant to 42 U.S.C. § 405(g) for consideration of new and material evidence not submitted to the A.L.J. for good cause.  This new evidence consists of mental health treatment notes from the Wedge Medical Center, as well as a letter dated January 13, 2005, confirming that Plaintiff has been enrolled in intensive outpatient treatment since March 1, 2004.  See Br. at 18.  Because I recommend that this matter be remanded for further consideration of Plaintiff's conditions at Step Two (2) – and on the grounds that the A.L.J. violated his affirmative duty to develop the record – I further recommend that, upon remand, the A.L.J. consider the aforementioned treatment records from the Wedge facility.

Therefore, I make the following:

## **RECOMMENDATION**

AND NOW, this 27th Day of December, 2006, it is RESPECTFULLY RECOMMENDED that Plaintiff's motion for summary judgement be GRANTED, Defendant's motion for summary judgement be DENIED, the decision of the Commissioner be VACATED, and this matter be REMANDED for further proceedings consistent herewith.

        BY THE COURT:

        **/s/Peter B. Scuderi**
        PETER B. SCUDERI
        UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET R. ZANETICH, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | No. 06-0221 |
| Defendant | : | |

## ORDER

AND NOW, this        Day of                  ,       , upon careful consideration of the Report and Recommendation filed by United States Magistrate Judge Peter B. Scuderi, and upon independent review of the Cross Motions for Summary Judgment filed by the parties, it is hereby ORDERED that:

    1.    The Report and Recommendation is APPROVED and ADOPTED.

    2.    Plaintiff's Motion for Summary Judgment is GRANTED.

    3.    Defendant's Motion for Summary Judgment is DENIED.

    4.    The decision of the Commissioner which denied supplemental security income benefits to Plaintiff is VACATED, and this matter is REMANDED for further proceedings consistent herewith.

BY THE COURT:

_____
R. BARCLAY SURRICK, JUDGE